FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 MAR 11 PM 2:33

MIDDLE DISTRICT
ORLANDO, FL

Case No. 6:16-cv-419-Orl-28-GJK

GRETCHEN CULLY,

    Plaintiff,

vs.

HYUNDAI MOTOR FINANCE COMPANY,
a/k/a HYUNDAI CAPITAL AMERICA, INC.,

    Defendant.
_____/

COMPLAINT

Plaintiff, Gretchen Cully sues Defendant, Hyundai Motor Finance Company and for her complaint alleges:

1. This is a complaint for monetary damages.

2. The Defendant, Hyundai Motor Finance (hereafter "Hyundai") violated the Telephone Consumer Protection Act (TCPA) 47 USC § 227, *et. seq.* and its implementing regulations at 47 C.F.R. § 64.1200, *et. seq.*

I
PARTIES

3. The Plaintiff, Gretchen Cully (hereafter "Cully") is a natural person and citizen of Seminole County, Florida.

4. Hyundai is a registered foreign profit corporation in Florida with a principal place of business at 3161 Michelson Drive, Suite 1900, Irvine, CA 92612. Its registered agent for service of process is NRAI Services, Inc., 1200 South Pine Island Road, Plantation, FL 33324.

II
JURISDICTION AND VENUE

5. This Court has jurisdiction to grant relief pursuant to 28 U.S.C. §1331 and 47 U.S.C. §227(b)(3).

6. Hyundai transacts business in the State of Florida. The conduct complained of which gives rise to the causes of action occurred in the County of Seminole. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. 1391(b)(2) and (c), as the claims arose from acts of Hyundai perpetrated therein.

III
FACTUAL ALLEGATIONS

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

8. On or about October 1, 2013, Cully purchased a 2013 Hyundai Elantra GT for her personal and family use. The VIN is KMHD35LE9DU122427. The purchase was financed through Hyundai over a period of 72 months at $476.00 per month with a maturity date of January 23, 2020. The account number assigned by Hyundai to the debt is 20131008265094.

9. On information and belief, Cully failed to make her payment due on January, 2015. Shortly thereafter, Hyundai began placing calls to Cully's cellular telephone. Cully's cellular

telephone number is 407-961-1464. Shortly after the calls began, Cully told the caller to stop calling because she didn't have the money to pay the debt. The calls have been unrelenting and have numbered in the hundreds. On multiple occasions, Cully has repeated her request to the caller to stop calling.

VI
FIRST CAUSE OF ACTION
Violation of the TCPA - 47 USC § 227, *et. seq.*

10. Cully re-alleges and incorporates by reference paragraphs 1 through 9, above, as if fully set forth herein.

11. Hyundai did not have consent to contact Cully and it willfully and knowingly violated the TCPA when it called Cully after learning that she revoked consent for it to call her.

12. Hyundai caused Cully actual damages for pain and suffering, mental and emotional distress, anxiety, loss of sleep and nervousness from the repeated calls to her cellular telephone as well as actual damages from costs associated with the use of her available minutes on her cellular telephone.

13. On information and belief, Hyundai violated the automated-call requirements of 47 U.S.C. § 227(b)(1) and 47 C.F.R. § 64.1200(a)(1) by making calls to the Cully's cellular telephone or by authorizing an agent to do so:

    a. through the use of an automatic telephone dialing system.
    b. by using an artificial or prerecorded voice in the beginning of each call.

14. "The term "automatic telephone dialing system" means equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

15. On information and belief, Hyundai or it's authorized agent, used a predictive dialer to place the calls to Cully's cellular telephone. A predictive dialer is:

> Equipment that dials numbers and, when certain computer software is attached, also assisted telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order ... [i]n most cases, telemarketers program the numbers to be called into the equipment, and the dialer calls them at rate to ensure that when a consumer answers the phone, a sales person is available to take the call.

(See *Conglio v. Bank of America*, 8:14-cv-01628; 2014 WL 6882294 (M.D.Fla., 12/4/2014), *also see*, 2008 TCPA Order 23 FCC Rcd. at 566, para. 12, *and see* 2003 TCPA Order, 18 FCC RCD. AT 14091, PARA. 131).

**WHEREFORE**, Cully prays for judgment against Hyundai as follows:

a. Enjoining the violation pursuant to 47 USC §227(b)(3)(A).
b. Actual damages for pain and suffering and emotional distress, for loss of available minutes on Cully's cellular telephone.
c. Statutory damages for each call pursuant to 47 USC §227(b)(3)(B).
d. Treble statutory damages for each call due to Hyundai's willful or knowing violation of 47 USC §227(b)(3).

**LegalNinja, LLC**

*/s/ Catherine J. Jones*
CATHERINE J. JONES
Florida Bar No.: 0709271
400 Orange St.
Titusville, Florida 32796

(321) 888-2280 Telephone
(321) 400-1192 Facsimile
Email: jones@mylegalninja.com
Counsel for Plaintiff

**George M. Gingo, P.A.**

*/s/ George M. Gingo*
GEORGE M. GINGO
Florida Bar No.: 879533
400 Orange St.
Titusville, Florida 32796
(321) 264-9624 Telephone
(866) 311-9573 Facsimile
Email: gingo.george@gmail.com
Co-Counsel for Plaintiff